UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 19-cv-24442-JLK

AT LAW AND IN ADMIRALTY

KATHRYN BAKER,

       Plaintiff

v.

NCL AMERICA, LLC, d/b/a
NCL AMERICA, NCL AMERICA INC. and
NORWEGIAN CRUISE LINE;
NCL (BAHAMAS) LTD d/b/a
NORWEGIAN CRUISE LINE,

       Defendants.

_____/

## RESPONSE TO DEFENDANTS' MOTION TO DISMISS

       The Plaintiff, KATHRYN BAKER, hereby responds to Defendants' Motion to Dismiss and states as follows:

### I. Introduction

       Defendants' Motion to Dismiss should be denied in its entirety. Ms. Baker has complied with Fed. R. Civ. P. 8 and has sufficiently pled a factually detailed six-count complaint. This case arises out of Defendants' negligence which caused Ms. Baker to slip and fall on board Defendants' cruise ship. On November 7, 2018, despite knowing that the outdoor deck is unreasonably slippery when it is wet, the Defendants allowed a large puddle of water to accumulate for an extended period of time. On November 17, 2018, Ms. Baker was on Deck 11 of *NCL Pride of America* on her way to breakfast. Ms. Baker stepped through a set of double doors to travel from the inside area of *NCL Pride of America* to the outside area of *NCL Pride of America*. As Ms. Baker stepped

on the deck on the outside area of Deck 11 aboard *NCL Pride of America*, she slipped and fell on a large puddle of water that the Defendants had allowed to accumulate for an extended period of time. DE 1, ¶16. When the Plaintiff slipped and fell, she injured her right ankle and tore a ligament in her right shoulder. The ankle injury and torn shoulder ligament cause Ms. Baker pain, swelling, and difficulty moving on a daily basis. DE 1, ¶ 22.

On October 28, 2019, Ms. Baker filed her complaint against NCL alleging the following *six* counts: Count I Negligent Failure to Maintain, Count II Negligence-Failure to Provide a Reasonably Safe Ship, Count III Negligent Failure to Warn, Count IV Negligent Training of Personnel, Count V Negligent Supervision of Personnel and Count VI Negligent Design, Construction and Selection of Material. DE 1.

On December 2, 2019, Defendants filed their Motion to Dismiss. DE 13. The Defendants are only moving to dismiss **five**[1] out of Ms. Baker's six counts-Count I Negligent Failure to Maintain, Count II Negligence-Failure to Provide a Reasonably Safe Ship, Count III Negligent Failure to Warn, Count IV Negligent Training of Personnel, Count V Negligent Supervision of Personnel. DE 13. The Defendants Motion makes the standard boilerplate arguments that defendants in this area of the law have been tending to make. However, contrary to Defendants' Motion, Ms. Baker complaint complies with the Rules and sufficiently alleges each cause of action in her complaint.  As such, Defendants' Motion to dismiss should be denied.

---

[1] The Defendants *did not* move to dismiss Ms. Baker's negligent design, construction and selection of materials claim. As such, Ms. Baker's response will not address her negligent design, construction and selection of materials claim against the Defendants. Additionally, the Defendants may not argue for the first time in its reply that Ms. Baker's negligent design, construction and selection of materials claim be dismissed. Asserting an argument for the first time in a reply will deprive Ms. Baker of due process and will greatly prejudicial to her.

## II. Memorandum of Law

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## III. Argument

### A.  The Defendants have sufficient notice of what Plaintiff's claims are

Ms. Baker's compliant provides sufficient notice to the Defendants of the claims she is pursing. The Complaint alleges six *separate* counts of negligence: Failure to Maintain (I), Failure to Provide a Reasonably Safe Ship (II), Failure to Warn (III), Training of Personnel (IV), Supervision of Personnel (V) and Design, Construction and Selection of Material (VI).

At the pleading stage, the relevant question is whether the complaint provides "a short and plain statement of the claim" that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 55 U.S. 544, 555, 127 Sup. Ct. 1955, 167 L.Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Certainly, given the nature of Plaintiff's six count complaint,

justice is done since it effectively puts the Defendants on notice of its duty and the associated breaches which resulted in injuries. Accordingly, Defendants' Motion to dismiss should be dismissed in its entirety.

### B. Plaintiff's complaint is not a shotgun pleading

Ms. Baker's complaint is not a shotgun pleading. Ms. Baker filed her complaint against NCL alleging the following *six* counts: Count I Negligent Failure to Maintain, Count II Negligence-Failure to Provide a Reasonably Safe Ship, Count III Negligent Failure to Warn, Count IV Negligent Training of Personnel, Count V Negligent Supervision of Personnel and Count VI Negligent Design, Construction and Selection of Material. DE 1. The Defendants are only moving to dismiss Counts I-V.

Shotgun pleadings were an issue in maritime negligence tort cases when complaints were pleading one count but it actually contained multiple counts within that one count. Those "one but many count complaints" left it to the court and the defendant to decipher exactly what Plaintiff alleged. That is ***not*** the case here. Plaintiff's complaint has alleged six separate counts: Count I Negligent Failure to Maintain, Count II Negligence-Failure to Provide a Reasonably Safe Ship, Count III Negligent Failure to Warn, Count IV Negligent Training of Personnel, Count V Negligent Supervision of Personnel and Count VI Negligent Design, Construction and Selection of Material. DE 1. Further, the Plaintiff does not adopt all of the allegations of the preceding count. Each count *only* incorporates paragraphs 1- 22. See DE 1, ¶ ¶ 23, 37, 50, 63, 75, 87.

The defendant in <u>O'Brien v. NCL (Bahamas) Ltd.</u>,[2] 2016 WL 11504098 (S. D. Fla. November 18, 2016), also moved for dismissal based on the same shotgun pleading argument.

---

[2] Counsel for the Defendants in this case was also Counsel of the Defendant in <u>O'Brien v. NCL (Bahamas) Ltd</u>

Because the plaintiff's complaint did not allege separate counts, Judge Lenard ordered the plaintiff to file an amended complaint that shall separate into distinct counts all claims that will require different proof, e.g., negligent design, failure to warn, failure to maintain, etc. Id. at *3. Here, Ms. Baker's complaint already has six *separate* counts, each of which is sufficiently pled to withstand Defendants' Motion to Dismiss. Thus, Plaintiff's complaint is not a shotgun pleading.

### C. Plaintiff's six-count complaint provides more than sufficient fact to satisfy the plausibility standard and raise a reasonable expectation that discovery will reveal evidence of the defendants' liability

The complaint in this case is both factually detailed and breaks down each legal theory into six separate causes of action. Motions to dismiss should be denied when "[t]he facts alleged in the complaint are plausible and raise a reasonable expectation that discovery could supply additional proof of [NCL's] liability." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir.2012). The Eleventh Circuit has held that the law in the pleading stage is as follows- "[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case." Hunt v. Amico Properties, L.P., 814 F.3d 1213 (11th Cir. 2016) (quoting Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

In Balaschak v. Royal Caribbean Cruises, Ltd., 2009 W.L. 8659594 (S.D. Fla. 2009) observed, the plausibility standard does not require "detailed factual allegations". (Citing to Twombly, 550 U.S. at 555.) The Balaschak court also noted that the plausibility standard in the context of the Rule 8(a) requirements even does not "require that a plaintiff specifically plead every element of the cause of action" *citing* Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) Balaschak at *6. The Balaschak opinion also noted that Rule 8(e)

provides that "pleadings must be construed so as to do justice" Id.  Plaintiff's six-count complaint provides more than sufficient fact to satisfy the plausibility standard and raise a reasonable expectation that discovery will reveal evidence of the defendants' liability.

### D.  Plaintiff sufficiently alleges the causes of action set forth in Counts 1-5 of the Complaint

Ms. Baker sufficiently alleges the causes of action set forth in Counts 1-5 of the Complaint. To state a negligence claim, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. Chaparro, 693 F.3d at 1336. Under federal maritime law, the duty of care owed by a cruise operator to its passengers is ordinary reasonable care under the circumstances, 'which requires, as a prerequisite to imposing liability, that the carrier have actual or constructive notice of the risk-creating condition.'". Id. at *5; see also Aronson v. Celebrity Cruises,, Inc., 30 F.Supp.3d 1379, 1392 (S.D.Fla.2014).   Contrary to the Defendants' Motion, Ms. Baker's Complaint contains specific factual allegations as to how Defendants knew or should have known of the dangerous condition on board the *NCL Pride of America* on November 17, 2018. As such, Defendants' Motion should be denied in its entirety.

### 1.  Plaintiff sufficiently pled a claim for negligent maintenance (Count I) and a claim Negligence- Failure to provide a reasonably safe ship (Count II)

Ms. Baker has sufficiently pled a negligent maintenance claim and a negligence- failure to provide a reasonable safe ship claim with specific factual allegations as to how the Defendants knew or should have known of the dangerous condition.

> NCL knew or should have known of the dangerously slippery condition of the walkway outside of the double entry doors on Deck 11 of NCL Pride of America on November 17, 2018 for several reasons, including but not necessarily limited to the following. First,

the large size of the puddle demonstrates that the puddle that been there for an extended period of time. Second, NCL cleans this floor regularly and knows from that cleaning/mopping that the floor becomes frequently, if not repetitively wet or contaminated by slick conditions. Third, NCL knows that the walkways on the inside and outside of the double entry doors on Deck 11 are a popular means of ingress and egress between Deck 11's amenities and other areas of the ship. NCL knows or should know that relevant industry standards, regulations, and codes dictate that its flooring should be kept safe for foreseeable conditions like the accumulation of water, food, spills, and liquids.  NCL knows from experience that these conditions regularity accumulate on its floors on Deck 11 and are thus foreseeable conditions. Fourth, NCL selects and/or approves of its flooring and therefore, knows or should know that it must select reasonably safe flooring under wet and dry conditions. Fifth, NCL knows from prior slip and fall incidents on Deck 11 and on floors similar to the flooring on which KATHRYN BAKER fell that the flooring becomes dangerously slick when wet and causes people to fall.

DE 1, ¶ 19

In Castillo v. NCL Bahamas Ltd. the court denied the defendant's motion to dismiss plaintiff's negligence claim. Castillo v. NCL Bahamas Ltd. 2018 WL 1796260 (S.D. Fla. 2018), approved and adopted by Castillo v. NCL Bahamas Ltd., 2018 WL 1795442 (S.D. Fla. 2018). The court determined that NCL had actual and constructive notice because of prior slip/trip and falls on the same/similar deck surfaces on most all of the vessels in its large fleet. [3]

Like Castillo, Ms. Baker's complaint not only alleged the fact that the Defendants had actual or constructive notice because of prior slip/trip and falls. However, Ms. Baker's complaint goes even further to support the fact that the Defendants knew or should have known of the

---

[3] The court in Castillo did not address the fact that Castillo's single negligence claim alleged multiple counts of negligence- NCL selected and/or approved the decking surface that Castillo slipped on; failed to maintain the deck surface; failed to warn Castillo of the slippery nature of the deck; failed to place warning signs to alert Castillo; failed to properly train its employees; failed to implement procedures of effective warning; and failed to have safety inspection procedures

dangerously slippery condition of the walkway outside of the double entry doors on Deck 11 of

NCL Pride of America on November 17, 2018:

> …NCL features walkways inside and outside of double entry doors as a means of ingress and egress like the ones on Deck 11 on many, if not all its vessels—areas where passengers transit in large numbers from one defined area of the ship to the next. If not monitored and maintained on a regular basis, these areas can accumulate slick conditions, which make the floor slippery.

DE 1, ¶ 26, 40.

> NCL knew or should have known of the dangerously slippery condition of the walkway outside of the double entry doors on Deck 11 of *NCL Pride of America* on November 17, 2018 for several reasons, including but not necessarily limited to the following. First, the large size of the puddle demonstrates that the puddle that been there for an extended period of time. Second, NCL cleans this floor regularly and knows from that cleaning/mopping that the floor becomes frequently, if not repetitively wet or contaminated by slick conditions. Third, NCL knows that the walkways on the inside and outside of the double entry doors on Deck 11 are a popular means of ingress and egress between Deck 11's amenities and other areas of the ship.

DE 1, ¶ 29, 44

> …NCL knows from prior slip and fall incidents on Deck 11 and on floors similar to the flooring on which Ms. Baker fell that the flooring becomes dangerously slick when wet and causes people to fall.

DE 1, ¶ 30, 46

> The Defendants had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition, including that the condition existed in the walkway outside of the double entry doors on Deck 11 flooring which was unreasonably slippery when wet in violation of industry standards, regulations, and codes, and was apparent to any NCL's crew passing by, but not readily apparent to KATHRYN BAKER; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.  Thus the dangerous condition was reasonably foreseeable

and in the exercise of reasonable care the Defendants should have known about it.

DE 1, ¶ 21, 32.

Recently, Judge Darrin Gayles denied a motion to dismiss brought on similar grounds as the Defendant's Motion in this case. Heard v. Carnival Corporation, Case No. 1:19-cv-22380-DPG, DE 19 (November 25, 2019). Judge Gayles held that the plaintiff sufficiently alleged the causes of action set forth in his complaint.

As such, and viewing the facts in the light most favorable to Ms. Baker, the complaint sufficiently pleads a claim for negligent maintenance and a claim for negligence- failure to provide a reasonable safe ship to withstand a motion to dismiss.

## 2.  Plaintiff sufficiently plead a claim for Negligence-Failure to warn (Count III)

Plaintiff's complaint alleges facts demonstrating that it was "plausible" that the Defendants "[knew] or reasonably should have known" of the dangerously slippery condition of the walkway outside of the double entry doors on Deck 11 of *NCL Pride of America* on November 17, 2018. The duty to warn "encompasses only dangers of which the carrier knows, or reasonably should have known." McLaren v. Celebrity Cruises, Inc., No. 11–23924, 2012 WL 1792632, at *8, 2012 U.S. Dist. LEXIS 68321, at *24 (S.D.Fla. May 16, 2012) (citing Carlisle, 475 So.2d at 251). Thus, to survive Defendant's motion to dismiss, Plaintiff must allege facts demonstrating that it was "plausible" that Defendant "[knew] or reasonably should have known" of the slippery nature of the deck.

In Caldwell v. Carnival Corp., the court found that the Plaintiff had sufficiently alleged a failure to warn claim as the complaint described the condition of the walkway as "an ongoing, recurring, continuous and/or repetitive problem" and alleges that "for the 2 years before this

accident was excessively slippery and in fact caused numerous people to slip and numerous people to slip and fall." <u>Caldwell v. Carnival Corp.</u>, 944 F.Supp.2d 1219, 1223 (S.D.Fla.2013). The court considered these allegations in the light most favorable to Caldwell, and found that it was "plausible" that Defendant had notice, or *should have had notice* of the dangerous condition. <u>Id</u>.

Here, Plaintiff's complaint alleges that NCL knows from prior slip and fall incidents on Deck 11 and on floors similar to the flooring on which Ms. Baker fell that the flooring becomes dangerously slick when wet and causes people to fall. DE 1, ¶ 57. Further, Plaintiff alleged that the Defendant had actual or constructive knowledge of the dangerous condition because of the length of time the dangerous condition existed and the size of the puddle of water which caused the dangerous condition. DE 1, ¶ 56. As such, Plaintiff's claim alleges facts that the Defendant knew or reasonably should have known of the slippery nature of the deck. Considering these allegations in the light most favorable to Ms. Baker, it is more than "plausible" that the Defendants had notice or should have had notice of the dangerous condition.

Further, in <u>Brown v. Carnival Corporation, et al</u>., the court stated that without identifying the dangerous condition the plaintiff did not sufficiently plead a failure to warn claim. <u>Brown v. Carnival Corporation, et al</u>., 202 F. Supp. 1332 (S.D. Fla. 2016). Here, Plaintiff explicitly identifies the dangerous condition as being the dangerously slippery condition of the walkway outside of the double entry doors on Deck 11 of *NCL Pride of America* on November 17, 2018. Therefore, Plaintiff sufficiently pleads a negligent-failure to warn claim.

### 3. Plaintiff sufficiently pleads claims for negligent training (Count IV) and negligent supervision (Count V)

Plaintiff sufficiently pleads claims for negligent training (count IV) and negligent supervision (count V). Negligent training occurs when an employer "was negligent in the implementation or operation of the training program" and this negligence caused a plaintiff's injury. <u>Cruz v. Advance Stores Co.,</u> 842 F. Supp. 2d 1356, 1359 (S.D. Fla. 2012). Negligent supervision "occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigating, discharge, or reassignment." <u>Id</u>. For these two claims, it is difficult to define the precise formulation of the required prima facie case because discovery has not unearthed relevant facts and evidence. see <u>Balaschak,</u> 2009 W.L. 8659594.

In Ms. Baker's complaint, she alleges that the Defendants have a duty to train its crewmembers to properly to warn passengers of dangerous slippery conditions of surfaces on board *NCL Pride of America* including the walkway outside of the double entry doors on Deck 11, that may cause passengers to slip and fall. DE 1 ¶ 70. However, the Defendant was negligent in the implementation or operation of its training program as the Defendant's crew members allowed a puddle of water to accumulate for an extended period of time despite knowing that it would be a danger to passengers. DE 1 ¶ 71. The fact that Defendant failed to train its crewmember is demonstrated by the fact that the crewmember that was responsible for providing a warning failed to do so.

> At the time KATHRYN BAKER, slipped and fell on the walkway outside of the double entry doors on Deck 11, the crewmember that was responsible for warning, cleaning and maintaining that deck failed to so. Because that crew member was not properly trained, that crew member failed to properly and adequately warn

> passengers, like KATHRYN BAKER, of the dangerous slippery conditions of surfaces on board *NCL Pride of America* including the walkway outside of the double entry doors on Deck 11, that may cause passengers to slip and fall. Further, because that crew member was not properly trained that crew member failed to clean and maintain the walkway outside of the double entry doors on Deck 11g, cleaning and maintaining that deck failed to so.

DE 1 ¶ 72. Defendant's failure to properly train its crewmember thereby caused Ms. Baker's injuries on board the *NCL Pride of America*. DE 1 ¶ 73. Accordingly, Ms. Baker has sufficiently plead her claim for negligent training.

Defendant also has duty to supervise its crewmembers to ensure that its crewmembers are regularly inspecting the deck for puddles and slippery areas; ensure that its crewmembers are properly cleaning and drying wet, slippery areas on the Aloha Deck; and ensure that its crewmembers are placing cones, warning signs, or barriers around the wet, slippery areas. DE 1, ¶ 78.

> NCL should have become aware that the crew member(s) was failing to properly warn passengers of the dangerously slippery conditions on surfaces on board the *NCL Pride of America* including the walkway outside of the double entry doors on Deck 11.

DE 1, ¶ 80

> NCL should have become aware that NCL's crew member(s) were failing to properly warn passengers of the dangerously slippery conditions of surfaces on board the *NCL Pride of America* including the walkway outside of the double entry doors on Deck 11 for several reasons, including but not necessarily limited to the following. First, NCL should have become aware of their crew member(s) failures given that the dangerous condition existed for an extend period of time without a crew member tending to the dangerous condition or appropriately waning passengers of the dangerous condition. Second, NCL should have become aware of their crew member(s) failures because of prior slip and fall incidents on Deck 11 and on floors similar to the flooring on which KATHRYN BAKER slipped and fell.

DE 1, ¶ 81. Had Defendant properly supervised its crewmembers, the crewmember(s) that was responsible for inspecting, maintaining and warning would have done his/her job. Defendant's failure to properly supervise its crewmember thereby caused Ms. Baker's injuries on board the *NCL Pride of America*. DE 1 ¶ 85. As such, Ms. Baker has sufficiently pled her claim for negligent supervision.

Additionally, the purpose of Plaintiff's complaint is to put on notice of what Ms. Baker's claims. <u>Twombly</u>, 55 U.S. at 555. Ms. Baker's complaint goes above and beyond what is necessary to put the Defendant on notice of Plaintiff's claims. However, Defendant argues because Ms. Baker has not identified the particular crewmember or the crewmember's position that that warrants dismissal of Plaintiff's complaint. Defendants' argument is nonsensical. Between the two parties, no one knows more about who the particular crewmember or the crewmember's position then the *Defendant*. The Defendants hold the keys to the kingdom- the Defendants controls the witness, the documents and the ship. Ms. Baker has to go through the discovery process in order to determine the identity of the particular crewmember and/or the crewmember's position. It would be inherently prejudicial to require Ms. Baker to plead such facts in her complaint when the Defendants are the only ones who know that information. Ms. Baker has sufficiently plead her claims for negligent training (count IV) and negligent supervision (count V).

### E. Plaintiff alleges the correct standard that the Defendants owe a reasonable duty of care

Ms. Baker has alleged the appropriate standard of care in her complaint. Under maritime law a ship owner "owes to all who are on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under the circumstances of each

case." <u>Keefe v. Bahama Cruise Line, Inc.</u>, 867 F.2d 1318. 1321 (11th Cir.  1989) (quoting

<u>Kermarec v. Compagnie Generale Transatlantique</u>, 358 U.S. 625, 632 (1959).

The Defendants improperly asserts that Ms. Baker utilized language that heightens

NCL's duty of care. Plaintiff did no such thing. Courts decline to address this issue when the

court has already determined that negligence has been pleaded. See <u>Heller v. Carnival Corp.</u>,

191 F. Supp. 3d 1352, 1360 (S.D. Fla. 2016) (declining to address alleged breaches, which

defendant claimed imposed heightened duties, where the court had already determined

negligence had been pleaded through negligent failure to warn) (citing <u>Holguin v. Celebrity</u>

<u>Cruises</u>, <u>Inc.</u>, 2010 WL 1837808, at *1 (S.D. Fla. May 4, 2010) ); <u>McLaren v. Celebrity</u>

<u>Cruises, Inc.</u>, 2012 WL 1792632, at *5 (S.D. Fla. May 16, 2012) (declining to strike additional,

arguably "heightened duties" pleaded in a negligent selection and retention claim where the

existence of a duty was otherwise properly pleaded); <u>Ward v. Carnival Corp.</u>, 2019 WL 342027

*6 (the court stated that "[c]onducting preventative maintenance to provide a ship with working

plumbing is not a heightened standard of care").

### F.  Plaintiff's allegation that the Defendants were negligent per se

#### 1.  Plaintiff alleges that the Defendants were negligent per se *within* her broader negligence claims

Ms. Baker alleges that the Defendants were negligent per se *within* her broader

negligence claims. See Count I Negligent Failure to Maintain DE 1, ¶ 34 , Count II Negligence-

Failure to Provide a Reasonably Safe Ship DE 1, ¶ 47 , Count III Negligent Failure to Warn

DE 1, ¶ 60 , Count IV Negligent Training of Personnel DE 1, ¶ 71, Count V Negligent

Supervision of Personnel DE 1, ¶ 84 and Count VI Negligent Design, Construction and

Selection of Material DE 1, ¶ 100. Courts have declined to dismiss allegations of negligence

per se when the allegation was made within a broader negligence claim. See <u>Scouten v. NCL</u>

(Bahamas) Ltd., 2009 WL 10692716 (S.D. Fla 2009) (Judge Moreno denied defendants motion to dismiss and denied defendants motion for a more definite statement and held that it can determined at a later date whether the facts adduced during discovery entitle Scouten to relief because of NCL's alleged negligence, whether or not that negligence is *per se* because of a specific statutory violation). As such, the fact that Ms. Baker alleges that the Defendants were negligent per se within her broader claims for negligence against the Defendants does not require dismissal and it can be determined at a later date whether facts adduced during discovery entitle Ms. Baker to relief.

### 2. Plaintiff's allegations that the Defendants violated industry standards are relevant for determining the standard of care and probative of the Defendants' constructive knowledge of the hazardous condition

Ms. Baker's allegations that the Defendants violated industry standards are relevant for determining the standard of care and probative of the Defendants' constructive knowledge of the hazardous condition. "[T]he law in the Eleventh Circuit, as established by the former Fifth Circuit, is that advisory guidelines and recommendations, while not conclusive, are admissible as bearing on the standard of care in determining negligence." Cook v. Royal Caribbean Cruises, Ltd., No. 11–20723–CIV, 2012 WL 1792628, at *3 (S.D.Fla. May 15, 2012) (citing Muncie Aviation Corp. v. Party Doll Fleet, Inc., 519 F.2d 1178 (5th Cir.1975); Frazier v. Continental Oil Co., 568 F.2d 378 (5th Cir.1978)).Such guidelines are also probative of the defendants' constructive knowledge of the allegedly hazardous condition. See Cook, 2012 WL 1792628, at *3; Donlon v. Gluck Grp., LLC, No. 09–5379 (JEI/KMW), 2011 WL 6020574, at *6 (D.N.J. Dec. 2, 2011); See Holderbaum v. Carnival Corp., 87 F. Supp. 3d 1345 (S.D. Fla. February 19, 2015) (the court held that based on the IMO recommendation and the record evidence, a reasonable jury could conclude that the handrail was too large, hazardous, and that

Defendant knew it was too large and hazardous) Muncie Aviation Corp., 519 F.2d at 1181 (holding that to the extent the defendant's pilot failed to consult advisory materials issued by the Federal Aviation Administration, or failed to follow their recommendations, "the jury could permissibly infer that he failed to meet the appropriate standard of due care"); Frazier, 568 F.2d at 381–82 (holding that the district court erroneously excluded testimony concerning violations of industry standards to establish the defendant's negligence); see also Donlon, 2011 WL 6020574, at *6 (denying summary judgment motion filed by houseboat manufacturer in lawsuit filed by person who fell down the stairs of a houseboat, holding that non-binding standards promulgated by the American Society for Testing and Materials were admissible because a jury could use the evidence to conclude that the stairs "were defectively designed" and because the standards put defendant "on constructive notice of the potential danger of the stairs").

### 3.   Defendants' violation of applicable safety regulations is negligence per se

NCL's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*. see Kernan v. Am. Dredging Co., 355 U.S. 426, 438 (1958) (violation of Coast Guard regulation); Reyes v. Vantage Steamship Co., 558 F.2d 238 (5th Cir. 1977) (same)).) "The elements of negligence per se are: (1) violation of a regulation; (2) causing the type of harm that the regulation was intended to prevent; and (3) injury to a member of the class of persons intended to be protected by the regulation." Lemma Ins. (Europe) Co., Ltd. v. Rumrunner Sport Fishing Charters, Inc., No. 8:11-cv-2110-T-33TBM, 2012 WL 254134, at *2 (M.D. Fla. Jan 27, 2012) (citing Marshall v. Isthmian Lines, Inc., 334 F.2d 131, 134 (5th Cir. 1964).

Defendants violated the international navigation safety regulations established by the International Convention for the Safety of Life at Sea (SOLAS), Nov. 1, 1974, 32 U.S.T. 47, T.I.A.S. No. 9700. SOLAS "is a maritime treaty that establishes uniform regulations and standards for vessels that regularly travel in international waters." United States v. Gonzalez, 540 Fed.Appx. 967, 969 (11th Cir. 2014). Specifically, Ms. Baker alleges that NCL violated SOLAS Chapter II-2, *Part D*, *Regulation 13*, subpart 1.1  that states that "safe escape routes shall be provided" as well as subpart 1.2 that states that "escape routes shall be maintained in a safe condition clear of obstacles." The purpose of these regulations is to provide passengers on board the ship with clean and clear walkways. SOLAS Chapter II-2, *Part D*, *Regulation 13*.

Here, the Defendants failed to provide a clean and clear walkway to Ms. Baker, a passenger on board the *NCL Pride of America*. DE 1, ¶ 10. Given that Ms. Baker is a passenger on board the ship she is a member of the class of persons intended to be protected by the regulation. NCL allowed a large puddle of water to accumulate for an extended period of on the walkway outside of the double entry doors on Deck 11 of *NCL Pride of America* on November 17, 2018. DE 1, ¶ 16. This constitutes a violation of the regulations. Because the Defendants failed to provide a clean and clear walkway, as Ms. Baker stepped on the deck on the outside area of Deck 11 aboard *NCL Pride of America*, she slipped and fell on a large puddle of water which the Defendants had allowed to accumulate. DE 1, ¶ 16. Thus, Ms. Baker was injured as a result of Defendants' failure to comply with the regulation. Therefore, Ms. Baker has sufficiently stated facts which support negligence *per se*.

### 4.   All of Plaintiff's allegations are material

All of Ms. Baker's allegations in her complaint are material and must remain in her complaint. The Defendant has requested that this Court strike Ms. Baker's allegation that the

Defendants own and/or manage more than 17 cruise ships. DE 13, pg. 9. The fact that Defendants owns and/or manages more than 17 cruise ships is relevant to prove constructive notice. Other ships in Defendant's fleet also features walkways inside and outside of double entry doors as a means of ingress and egress like the ones on Deck 11 of the *Pride of America*, where passengers transit in large numbers from one defined area of the ship to the next. DE 1, ¶ 15. Other ships in Defendants' fleet also have similar flooring as the Pride of America. Therefore, prior slip and falls on those ship's similar flooring is relevant to prove constructive notice. DE 1, ¶ 19.

### 5. Dismissal is a remedy of last resort

The Eleventh Circuit has also "cautioned that dismissal of a claim should be the last resort." Perricone v. Carnival Corporation, 2016 WL 1161214 at *3 (S.D. Fla. March 24, 2016) citing Bailey v. Janssen Pharmaceutics, Inc., 288 Fed. App'x 597, 603 (11th Cir. 2008). Rather, the Eleventh Circuit "'encouraged defendants to make motions for more definite statements or counts to demand repleader and not, as the case were, to dismiss a complaint with prejudice. Id. As such, if this Court determines that the Plaintiff did not sufficiently plead one of the counts, Plaintiff respectfully requests the opportunity to amend such count.

### CONCLUSION

The five counts of Ms. Baker's complaint that are at issue, effectively meets the *Iqbal* plausibility standard and puts NCL on effective notice of the nature and basis of her claims and establishes to the Court that discovery should be allowed to proceed. As such, plaintiff respectfully requests that the Court deny the Defendants' Motion to Dismiss in its entirety.

Dated this 16th day of December, 2019.

Respectfully submitted,

*s/ Lisa C. Goodman*_____
Lisa C. Goodman (FBN 118698)
lgoodman@hickeylawfirm.com
John J. Hickey (FBN 305081)
hickey@hickeylawfirm.com
**Hickey Law Firm, P.A.**
1401 Brickell Avenue, Suite 510
Miami, FL  33131-3504
Telephone: (305) 371-8000
*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served upon all counsel of record or pro se parties identified in the manner specified, wither via transmissions of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Lisa Goodman*_____
Lisa Goodman (FBN 118698)

KATHERYN BAKER v. NCL AMERICA, LLC et al.
CASE NO.: 19-cv-24442-JLK

**SERVICE LIST**

| | |
|---|---|
| **John H. Hickey, Esq. (FBN 305081)**<br>hickey@hickeylawfirm.com<br>federalcourtfilings@hickeylawfirm.com<br>**Lisa Goodman, Esq. (FBN 118698)**<br>lgoodman@hickeylawfirm.com<br>**Hickey Law Firm, P.A.**<br>1401 Brickell Avenue, Suite 510<br>Miami, FL 33131<br>Tel. (305) 371-8000<br>Fax: (305) 371-3542<br>*Attorneys for Plaintiff* | **Michael C. Gordon, Esq. (FBN 149284)**<br>mgordon@fflegal.com<br>**Jeffrey E. Foreman, Esq. (FBN 0240310)**<br>jforeman@fflegal.com<br>**Frank E. Carrasco, Esq. (FBN 1006810)**<br>fcarrasco@fflegal.com<br>**FOREMAN FRIEDMAN, P.A.**<br>One Biscayne Tower – Suite 2300<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 358-6555<br>Facsmile: (30) 374-9077<br>*Attorneys for Defendants* |