UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-cv-24442-JLK

KATHRYN BAKER,

    Plaintiff,

v.

NCL AMERICA, LLC d/b/a
NCL AMERICA d/b/a NCL AMERICA Inc.
d/b/a NORWEGIAN CRUISE LINE; and
NCL (BAHAMAS) LTD.
d/b/a NORWEGIAN CRUISE LINE,

    Defendants.

_____/

**ORDER GRANTING DEFENDANT
NCL AMERICA'S MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS CAUSE comes before the Court on Defendant NCL America's Motion for Judgment on the Pleadings (the "Motion") (DE 36), filed August 18, 2020. The Court has carefully considered the Motion, Plaintiff's Response (DE 38), NCL America's Reply (DE 41), and is otherwise fully advised in the premises.

**I.      BACKGROUND**

On October 28, 2019, Plaintiff Kathryn Baker filed the above-styled negligence action against NCL America and NCL Bahamas (collectively "Defendants"), alleging (in pertinent part) that: (1) Plaintiff was a lawful passenger aboard the cruise ship, the NCL *Pride of America* (the "Ship") on November 17, 2018 when Plaintiff slipped and fell on a large puddle of water while walking on Deck 11 of the ship; (2) Defendants allowed this puddle of water to accumulate for an extended period of time; and (3) Defendants (and their employees) failed to render any

meaningful assistance to Plaintiff. *See* Compl., DE 1 ¶¶ 9–17. Upon motion of Defendants, Plaintiff's Complaint was dismissed on January 24, 2020 for failure to state a claim. *See* Or. Granting Def. Mot. Dismiss, DE 22. On February 5, 2020, Plaintiff filed her (operative) Amended Complaint to correct the deficiencies the Court observed. Am. Compl., DE 25. Defendant NCL America has now moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that it was improperly named as a Defendant because NCL Bahamas (not NCL America) was the owner and operator of the ship at the time of Plaintiff's alleged incident. *See* Mot.

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. and Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "In determining whether a party is entitled to judgment on the pleadings, [the court must] accept as true all material facts alleged in the non-moving party's pleading, and [] view those facts in the light most favorable to the non-moving party." *Id*.

## III. DISCUSSION

NCL America argues in its motion that it "was neither the owner, nor operator of the *Pride of America* at the time of Plaintiff's alleged incident on November 17, 2018." Mot. at 3.

Thus, NCL America contends that it was improperly named as a defendant in this case. The Court agrees.

After careful consideration, the Court finds that the material facts are undisputed and NCL America is entitled to judgment on the pleadings in its favor. "It is a settled principle of maritime law that a *shipowner* owes the duty of exercising reasonable care towards those lawfully aboard the vessel who are not members of the crew." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959) (emphasis added). Indeed, the duty to passengers arises out of the fact that a party owns and operates the ship. "In analyzing a maritime tort case, [the court should] rely on general principles of negligence law." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)). "To plead negligence, a plaintiff must [first] allege that . . . the defendant had a duty to protect the plaintiff from a particular injury . . . ." *Id*.

Here, the undisputed material facts show that: (1) Plaintiff was a lawful passenger aboard the NCL *Pride of America* on November 17, 2018 (*see* Am. Compl.); (2) Plaintiff was issued a "Guest Ticket Contract"[1] (the "Contract") by NCL Bahamas (Mot., Ex. A); (3) the Contract states that the "Guest agrees that this Contract governs the relationship between the Guest and the Carrier" (*id*. ¶¶ 1, 2); (4) Plaintiff is defined as the "Guest" in the Contract (*id*.); and (5) NCL Bahamas Ltd. is defined as the "Carrier" in the Contract. (*Id*.). These facts establish that NCL

---

[1] Usually, the court is limited to the "four corners" of the pleadings when ruling on a Motion for Judgment on the Pleadings. An exception applies where the court may consider a document referenced or attached to the pleadings where it is: "(1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged . . . . [A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed . . . ." *Day v. Taylor*, 400 F.3d 1272, 1276 (2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1136 (11th Cir. 2002)). Attached documents fitting those requirements may be used by the court when considering a Rule 12(b)(6) Motion to Dismiss or a Rule 12(c) Motion for Judgment on the Pleadings. See *Horsley* at 1134–35. Here, the Court finds that the Guest Ticket Contract is central to Plaintiff's claim because it is referenced in the Amended Complaint (Am. Compl. 25 ¶ 6) and contains the venue selection clause agreed to by Plaintiff.

Bahamas—not NCL America—was the owner and/or operator of the Ship at the time of the incident. Thus, Plaintiff cannot establish that she was owed a duty of care by NCL America with respect to this incident, consistent with well settled principles of maritime law.

Plaintiff does not dispute the validity of the Guest Ticket Contract. Instead, Plaintiff argues that the Guest Ticket Contract does not prohibit other entities from being named as defendants (*see* Resp. at 2), but the Court is not persuaded. NCL America is not mentioned in the Contract, rendering it an improper party defendant. *See Allen v. NCL Corp.*, Case No. 16-25382-CIV-GAYLES, 2017 U.S. Dist. LEXIS 116822, *5–7 (S.D. Fla. July 26, 2017) ("The Guest Ticket Contract clearly governs the relationship between the parties and designates NCL America LLC as the party responsible for the vessel and Plaintiff's experience on the vessel . . . . As such, NCL America LLC is the proper defendant for Plaintiff's negligence and vicarious liability claims."). The Court so finds that NCL America's Motion for Judgment on the Pleadings should be granted.

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that Defendant NCL America's Motion for Judgment on the Pleadings **(DE 36)** be, and the same hereby is, **GRANTED**. A final judgment will be entered in a separate document pursuant to Federal Rule of Civil Procedure 58(a). The case against NCL Bahamas shall remain on this Court's active docket.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 27th day of October, 2020.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:**
   **All counsel of record**

5